## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1113

SANTOS ESTEBAN BARAHONA-BENITEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 12, 2026                                  Decided: June 1, 2026

Before DIAZ, Chief Judge, GREGORY, and BENJAMIN, Circuit Judges.

Vacated and remanded by unpublished opinion. Judge Gregory wrote the opinion, in which Chief Judge Diaz and Judge Benjamin joined.

**ON BRIEF:** Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Yaakov M. Roth, Acting Assistant Attorney General, Walter Bocchini, Gregory M. Kelch, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Petitioner, Santos Barahona-Benitez, appeals the Board of Immigration Appeals's ("BIA") decision on both procedural and substantive grounds. We find that the BIA erred as a matter of law when denying Petitioner's motion to accept his late filing. We do not reach the substantive issues and instead vacate and remand to the BIA to reconsider Petitioner's appeal with full briefing.

***

Mr. Barahona-Benitez is from El Salvador. In November 2015, gang members assaulted him and his family with guns, leaving them injured, and threatening to return in five days to kill him if he did not pay $12,000. His relatives had been killed by the same gang in similar situations. Mr. Barahona-Benitez fled to the U.S., where he sought asylum, withholding of removal, and protection under the Convention Against Torture.

The immigration judge denied his requests. Mr. Barahona-Benitez appealed to the BIA on August 29, 2022. He filed a timely brief on April 19, 2024. However, on April 26, 2024, three days after the April 23 due date for briefing, the BIA sent Petitioner a notice that his brief had been rejected because the attorney's address on the brief did not match the attorney's address in the eRegistry. Specifically, the brief listed counsel's Richmond office address, whereas the eRegistry contained counsel's Fairfax office address. Because the BIA issued the rejection notice after the briefing deadline, Mr. Barahona-Benitez could not timely submit a corrected brief. He moved to file a late brief, which the BIA denied. Without the benefit of Petitioner's briefing, the BIA affirmed the immigration judge's decision on January 8, 2025, in a short two-page opinion.

2

This Court reviews the BIA's procedural decisions for abuse of discretion and will uphold a decision unless it was "arbitrary, irrational, or contrary to law." *Wanrong Lin v. Holder*, 771 F.3d 177, 182 (4th Cir. 2014) (citation modified); *see Portillo Flores v. Garland*, 3 F.4th 615, 626 (4th Cir. 2021). "The BIA abuses its discretion if it fails to offer a reasoned explanation for its decision, or if it distorts or disregards important aspects of the applicant's claim." *Portillo Flores*, 3 F.4th at 626 (internal citation and quotation marks omitted). "We have often explained that an applicant for asylum is entitled to know that agency adjudicators reviewed all [his] evidence, understood it, and had a cogent, articulable basis for its determination that [his] evidence was insufficient." *Orellana v. Barr*, 925 F.3d 145, 153 (4th Cir. 2019) (cleaned up). And when the BIA errs, generally "the proper course . . . is to remand to the agency for additional investigation or explanation." *Portillo Flores*, 3 F.4th at 626 (internal citation and quotation marks omitted).

Here, the BIA's denial of Petitioner's motion to file a late brief was both arbitrary and irrational. First, the BIA appears to inconsistently apply its decision to accept or deny documents with clerical address errors, as evidenced by another motion filed in this case. Petitioner had filed a Motion for Extension of Time to File Brief listing counsel's Richmond address, which was not the Fairfax address listed in the eRegistry. Notably, all letterhead sent to the BIA indicated that counsel had both a Richmond office and a Fairfax office. The BIA accepted the motion for extension of time and eventually granted it. Only when Petitioner filed his actual brief—using the same Richmond address as in the granted motion for extension of time—did the BIA note the address clerical error as cause to reject the brief.

3

Second, the BIA's denial of Petitioner's motion to file a late brief is irrational, given that the BIA did not notify Petitioner that his brief had been rejected until days after the briefing deadline had passed.  Petitioner submitted that brief four days before the deadline.  And Petitioner filed the brief using an address that he reasonably assumed would be accepted, because it had been accepted before.  After receiving the notice of rejection, Petitioner promptly submitted his request to file a late brief.  Petitioner's actions indicate that he made every effort to ensure a timely filing.  In light of these facts, the BIA's only reason for denying Petitioner's motion was that the "rationale stated by [Petitioner] is insufficient." J.A. 5.  This decision "fails to offer a reasoned explanation" and, by rejecting any briefing from Petitioner, "disregards important aspects of the applicant's claim." *Portillo Flores*, 3 F.4th at 626 (internal citation and quotation marks omitted).

Mr. Barahona-Benitez has a Fifth Amendment right to meaningful appellate review. *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Without being able to present any briefing before the BIA, he was denied such review.  Moreover, because the BIA's merits decision was a mere two pages that lacked substantial analysis of the issues, we find it likely that Petitioner's inability to submit a brief was highly prejudicial to his ability to succeed on appeal.

For these reasons, we vacate the BIA's decision and remand for reconsideration with full briefing.  Petitioner's pending motion to withdraw as counsel is denied as moot.

*VACATED and REMANDED*